UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE M. NOWAK, M.D.,
        Plaintiff,

Case No. 1:05-cv-829

-v-

HONORABLE PAUL L. MALONEY

ANESTHESIA ASSOCIATES OF
MUSKEGON, P.L.C.,
        Defendant.

OPINION AND ORDER DENYING DEFENDANT ANESTHESIOLOGIST ASSOCIATE'S
MOTION FOR ORDER AWARDING ATTORNEY FEES

This Court has before it Defendant Anesthesia Associates' Motion for Order Awarding Attorney Fees and for Evidentiary Hearing (Dkt. No. 45).

Plaintiff Suzanne Nowak filed her three count complaint on December 14, 2005. The first and second counts alleged sex discrimination under federal and state law. The third count alleged breach of contract. Defendant filed a motion for summary judgment on all counts. Plaintiff filed a motion for partial summary judgment. On October 17, 2007, this Court granted Defendant's motion on Counts I and II and denied the motion as to Count III. The same order denied Plaintiff's motion for partial summary judgment. At this point in the litigation, only the breach of contract claim remains.

LEGAL FRAMEWORK

A court may award reasonable attorney fees to a prevailing defendant-employer in a discrimination suit brought under Title VII. 42 U.S.C. 2000e-5(k); *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005). The United States Supreme Court has established a standard for awarding attorney fees to a prevailing defendant. "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). A court may assess attorney fees if a plaintiff continued to litigate after it became clear his or her claim was frivolous, unreasonable or without

foundation. *Id.* at 422; *Balmer*, 423 F.3d at 615.

The standard for a prevailing defendant is higher than the standard for a prevailing plaintiff because of the purposes behind Title VII. *Christianburg Garment Co*, 434 U.S. at 420-421. Attorney fees should be assessed against a Title VII plaintiff "only in the most egregious of circumstances." *Balmer*, 423 F.3d at 616 (citing *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 310 (6th Cir. 2003) (quoting *Noyes v. Channel Prods., Inc.*, 935 F.2d 806, 810 (6th Cir. 1991))). A plaintiff's claim is not necessarily groundless just because it was ultimately unsuccessful. *Balmer*, 423 F.3d at 615.

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christianburg Garment Co.*, 434 U.S. at 421-422.

## ANALYSIS

Defendant argues Plaintiff's claims were groundless and her conduct caused Defendant to expend considerable resources defending itself. Defendant alleges Plaintiff knew she did not have a legitimate claim for discrimination because she was aware that Defendant hired a woman to replace Plaintiff. This Court dismissed Plaintiff's claim on this basis, concluding Plaintiff was unable to establish that she was replaced by a similarly qualified individual in a non-protected group. Defendant contends Plaintiff was aware of this fact at least as early as summer of 2005 when it disclosed that fact during an investigation by the Michigan Department of Civil Rights (MDCR). Defendant further contends Plaintiff never possessed or presented any evidence that she performed well enough for

promotion.

Defendant alleges several improprieties against Plaintiff's course of litigation.  Defendant argues, when Plaintiff initiated her claim with the Equal Employment Opportunity Commission and the MDCR, she refused to participate in facilitative mediation and needlessly caused Defendant to expend considerable resources responding to MDCR's investigation.  Defendant argues Plaintiff withdrew her complaint after Defendant submitted all the required information, but before the administrative agency could render a decision.  Defendant further contends Plaintiff's employment history demonstrates she changes jobs with great frequency, suggesting she has been dissatisfied with every job she has held as an anesthesiologist.

Plaintiff offers several responses to the motion.  Plaintiff argues Defendant refused to give her any reason for its decision not to promote her to partner, even though she had been assured on several occasions there was no problem with her employment status.  Plaintiff asserts she had to use the administrative agency's investigatory tools in order to learn the basis for Defendant's decision.  Plaintiff points out there were two male anesthesiologists who started working for Defendant shortly after she was terminated and the female anesthesiologist was hired eight months after Plaintiff was terminated.  Plaintiff also points out this Court concluded she was qualified for the promotion in the opinion and order granting Defendant's motion for summary judgment.

This Court finds Plaintiff's claim was not frivolous, unreasonable or without foundation.  Although Defendant prevailed on the discrimination claim, Plaintiff had a reasonable basis for filing the claim based on the information available.  This Court dismissed Plaintiff's discrimination claim because the evidence gathered during the course of discovery indicated Plaintiff was replaced by another female anesthesiologist and not by either of the two male anesthesiologists, all of whom began working for Defendant after Plaintiff was told she would not be promoted.  Plaintiff offered arguments against that factual conclusion that this Court ultimately did not find persuasive.  This Court is mindful

that the standard for awarding fees to a prevailing defendant in an employment discrimination case is higher than it would be for a prevailing plaintiff.  To now conclude Plaintiff's position was frivolous and unreasonable would be the sort of "hindsight logic that would deter all but the most airtight claims." This case does not present the sort of egregious circumstances which requires a plaintiff to pay for a defendant's legal fees.

As for the other arguments offered by Defendant, this Court concludes they do not bear on the question of whether Plaintiff's claim was frivolous.  Whether a party agrees to mediation does not factor into the determination of whether a claim has merit or not for the purpose of awarding attorney fees. As Plaintiff alleges in her response, Defendant refused voluntary mediation after the lawsuit was filed. Plaintiff's prior and subsequent employment history is not relevant to the determination of whether her discrimination claim against this employer was frivolous.

## CONCLUSION

Defendant has not established it is entitled to an award of attorney fees.  Plaintiff's claim for discrimination was not frivolous, unreasonable or without foundation.  This Court dismissed Plaintiff's claim after concluding Plaintiff was replaced by another woman, not by either of the two male doctors. There was a sufficient question of fact to support a filing of the claim, even though Plaintiff ultimately did not prevail.

## **ORDER**

For the reasons provided in the above opinion, Defendant Anesthesiologist Associate's Motion for Order Awarding Attorney Fees (Dkt. No. 45) is **DENIED.  IT IS SO ORDERED.**

Date:   January 28, 2008                                                        /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge